L. C. Black and Morrison R. Waite, for The Fourth National Bank.

Outcalt & Granger, contra.

---

(Cuyahoga Co, O., Common Pleas Court.)
July Term, 1897.

## THE PERMANENT SAVINGS & LOAN CO. v. CARL SENNT et al.

Where lands have been sold for non payment of taxes, in an action involving the marshalling of the liens on said land, the purchaser at tax sale cannot recover fees paid an attorney for filing for him an answer and cross-petition setting up his tax title.

LAMSON, J.

This is an action brought by the plaintiff to foreclose a mortgage on certain land described in the petition. Wm. Van Valkenburg was made party defendant and filed an answer and cross-petition, setting forth that said lands were sold by the county treasurer for non-payment of taxes, and that he was the purchaser at said sale and held the county auditor's certificate therefor. After claiming the amount paid by him at the tax sale, together with interest thereon, twenty cents for the auditor's certificate and fifteen per cent penalty, said cross-petition alleges: "Said purchaser has also paid to A. R. Odell, as costs, the sum of ten dollars for his services as attorney at law in setting up and protecting his said claim herein." To this claim for attorney's fees plaintiff demurred, and the question is thus raised whether attorney's fees, incurred or expended by the holder of a tax title, in setting up and protecting his lien, can be allowed.

The statutes of Ohio (sec. 289) provide for the redemption within one year (as in this case) of delinquent lands by the payment

of an amount of money equal to that for which such lands were sold, and the taxes subsequently paid thereon by the purchaser, or those claiming under him, together with interest, and fifteen per cent penalty on the whole amount paid, including costs, and one dollar to pay the expenses of advertising the tax sale.

Defendant, Wm. Van Valkenburg, claims that the word "costs" as found in said statute, includes attorney's fees as claimed in his cross-petition. Such construction of the word "costs" is wholly without warrant. That word is of technical meaning and has been frequently construed and its meaning defined by the courts of this state. It means the expenses incurred by an officer, and in this statute it means the expenses incurred in the sale of delinquent lands, by the treasurer and auditor, and cannot include any expenses or outlay of the purchaser, incurred by himself.

"The term costs has a legal signification, and includes only taxable costs, not attorney's fees." McDonald v. Page, Wright's Rep. 121.

"A stipulation in a mortgage to the effect that, in case an action should be brought to foreclose it, a reasonable attorney fee to be fixed by the Court, for the services of the plaintiff's attorney in the foreclosure action, should be included in the decree and paid out of the proceeds arising from the sale of the mortgaged property, is against public policy and void." Leavans v. Bank, 50 Ohio St., 591.

So the supreme court of Ohio has held, in the case of Coal Company v. Rosse, 53 Ohio St., 12, 24, that a statute (sec. 6563a.) allowing to the plaintiff in an action for wages if he recover the sum claimed by him, a fee for his attorney not exceeding five dollars to be included in his costs, is unconstitutional and void, not only as discriminating between persons and classes respecting the right to invoke the arbitrament of the courts in the adjustment of their respective rights, that statute being limited to the case of wage-workers, but as an attempt to charge a penalty where no wrongful or negligent conduct was imputed to the defeated party. In view of these holdings of our courts and others not cited, the demurrer is sustained.